**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAO CORNELIO, | No. 12-16829 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02023-GMS |
| v. | |
| ALFA WASSERMAN DIAGNOSTIC TECHNOLOGIES, LLC, also named as Alfa Wasserman, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

    Joao Cornelio appeals pro se from the district court's summary judgment in

his Title VII action alleging wrongful termination on the basis of his race, color,

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and national origin.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010), and we affirm.

The district court properly granted summary judgment because Cornelio failed to raise a genuine dispute of material fact as to whether defendant treated similarly situated employees outside of Cornelio's protected class more favorably than him.  *See id.* at 1156, 1158-61 (setting forth elements of prima facie case of discrimination under Title VII based on circumstantial evidence); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (employee who held the same level position as plaintiff was not similarly situated to plaintiff where the employee did not engage in problematic conduct "of comparable seriousness").

Moreover, even if Cornelio had established a prima facie case of discrimination, Cornelio failed to carry his burden of raising a triable dispute as to whether defendant's legitimate reasons for firing him were a pretext.  *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 258 (1981) (defendant rebuts presumption of prima facie discrimination with any admissible evidence of a valid reason for the adverse employment decision, which plaintiff can only overcome by proving that it lacks factual basis and is a pretext); *Vasquez*, 349 F.3d at 642 (plaintiff must submit "specific" and "substantial" evidence of pretext).

12-16829

Cornelio's contentions regarding alleged harassment during his employment, and alleged threats during the course of this litigation, are unpersuasive.

**AFFIRMED.**